IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY VALLADO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CV-196-XR |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department | § | |
| of Criminal Justice- | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER**

On this date, the Court considered Magistrate Judge John W. Primomo's report and recommendation (docket no. 12), in which he recommends that Petitioner Rudy Vallado's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part. Petitioner objected thereto (docket no. 16) and moved the Court to appoint counsel (docket no. 17). After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation, DISMISSES Petitioner's petition in part, and DENIES Petitioner's petition in part. The Court also DENIES Petitioner's request for the appointment of counsel.

**I. Background**

Petitioner Rudy Vallado is currently serving a fifteen-year sentence in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division after a jury convicted him of aggravated assault with a deadly weapon. *State v. Vallado*, No. 2008-CR-11728 (144th Dist. Ct., Bexar County, Tex. Mar. 4, 2010). The jury convicted Vallado of stabbing Roy Cortez in the midsection with a knife. Vallado directly appealed his conviction, and the Texas Fourth

Court of Appeals affirmed. *See Vallado v. State*, 350 S.W.3d 257, 259 (Tex. App.—San Antonio 2011, pet. ref'd). Thereafter, the Texas Court of Criminal Appeals refused Vallado's petition for discretionary review. *See Vallado v. State*, PDR No. 1152-11, 2011 WL 5319897 (Tex. Crim. App. Nov. 2, 2011). After his direct appeals were denied, Vallado filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals, which was also denied. *See Ex. Parte Vallado*, Cause No. WR-78,586-02 (Tex. Crim. App. Dec. 12, 2012).

After his state court habeas petition was denied, Vallado filed a petition for habeas corpus with this Court on March 8, 2013, the date his petition was placed in the prison mailing system. In his petition, Vallado asserted four grounds for habeas relief. First, Vallado challenged the sufficiency of the evidence to support his conviction. At trial, the State relied on hearsay testimony from two police officers, who were allowed to testify that an individual, Caleb Ruiz, subdued Vallado after he stabbed his victim, took Vallado's knife away from him, and then gave the knife to the officers. Vallado argued that the trial court should have excluded this testimony. Second, Vallado complained that his trial counsel provided ineffective assistance (1) by failing to subpoena Ruiz, (2) by failing to prepare for trial by not obtaining hospital records of Vallado's injuries, (3) by presenting Vallado with a plea bargain at their first meeting, which allegedly compelled Vallado to rely on a theory of self-defense, rather than a plea of not guilty, (4) by allegedly misrepresenting Vallado's defenses, (5) by failing to object to the exclusion of Vallado's bloody clothes from the trial evidence, and (6) by failing to exploit evidence that the victim was, in fact, the aggressor. Third, Vallado argued that the indictment was invalid because the State relied on the statements of Ruiz without requiring that he appear in court. Finally, Vallado argued that the State abused its discretion by excluding his bloody clothes from

evidence. Vallado's petition was referred to Magistrate Judge John W. Primomo, who recommended that it be dismissed in part and denied in part. On October 30, 2013, after the Magistrate Judge issued his Report and Recommendation, Vallado moved for the Court to appoint him counsel. Docket No. 17.

## II. The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, the Magistrate Judge, first, found that Vallado had not exhausted his state court remedies on two of his allegations for ineffective assistance of trial counsel—namely, that trial counsel failed to request a subpoena of Ruiz and failed to prepare for trial by not obtaining hospital records of Vallado's injuries. Report and Recommendation ("R&R") at 8.

Next, the Magistrate Judge found that the evidence clearly supported Vallado's conviction. The Magistrate Judge noted that the trial record contained testimony from an eyewitness that Vallado stabbed his victim with a knife; testimony from the victim that he had been cut by Vallado in several places; testimony from two San Antonio police officers that the knife used by Vallado was a deadly weapon; and testimony from the victim and the victim's mother that he suffered a serious bodily injury. *Id.* at 10–12. The Magistrate Judge rejected the assertion that had the hearsay from the officers been excluded, Vallado would have been found not guilty. *Id.* The Magistrate Judge, therefore, found that the determination by the state courts that the evidence was sufficient to support Vallado's conviction, was not contrary to and did not involve an unreasonable application of clearly-established federal law. *Id.* at 13.

The Magistrate Judge then rejected Vallado's properly exhausted assertions that his trial counsel provided ineffective assistance. First, the Magistrate Judge found that Vallado's counsel

was not deficient in presenting Vallado with a plea bargain, and, in fact, would have been remiss if he had not. *Id.* at 15–16. The fact that the plea bargain was presented to Vallado at his first meeting with counsel was found to be insignificant. *Id.* at 16. Second, the Magistrate Judge found that the state habeas court reviewed counsel's representation and found no misrepresentation. *Id.* at 16–17. Since Vallado did not rebut the state court's finding with clear and convincing evidence, the Magistrate Judge rejected Vallado's claim that counsel misrepresented Vallado's defense. *Id.* Third, the Magistrate Judge found that counsel did not err in failing to object to the exclusion of Vallado's bloody clothes from evidence. Since testimony established that the clothes were covered only with the blood of the victim, the Magistrate Judge found that Vallado could gain nothing by admission of the clothes into evidence; therefore, Vallado's counsel did not err in failing to object to their exclusion from evidence. *Id.* at 17–18. Finally, the Magistrate Judge found that Vallado's counsel had pursued all avenues to adduce testimony that the victim was, in fact, the aggressor. *Id.* at 18. After rejecting all of Vallado's arguments for ineffective assistance of counsel, the Magistrate Judge recommended that the state courts' determination that Vallado was not denied the effective assistance of counsel, be left undisturbed. *Id.* at 19. The Magistrate Judge found the state courts' determination to be neither contrary to, nor involve an unreasonable application of, clearly-established federal law. *Id.*

Next, the Magistrate Judge turned to Vallado's claim that the indictment was invalid because it relied on the statements of Ruiz, without requiring that he appear in court. The Magistrate Judge noted that Vallado's assertion did actually challenge the validity of the indictment, but rather challenged the sufficiency of the evidence. *Id.* at 19. Nevertheless, the Magistrate Judge rejected Vallado's argument since the Texas Court of Criminal Appeals was

4

squarely presented with Vallado's challenge and rejected it. *Id* at 19–20. Because the highest state appellate court was squarely presented with Vallado's challenge, the Magistrate Judge determined that federal habeas review was foreclosed.

Finally, the Magistrate Judge rejected Vallado's challenge to the State's exclusion of the bloody clothes from evidence. The Magistrate Judge found that the clothes were not favorable evidence for Vallado, that there was no indication that the clothes had actually been suppressed by the State, and that no prejudice ensued to Vallado because the clothes were not admitted at trial. *Id.* at 21. For these reasons, the Magistrate Judge found that Vallado had not proved a *Brady* violation, and that the determination by the state courts that the State did not withhold exculpatory evidence, is not contrary to and did not involve an unreasonable application of clearly-established federal law. *See Brady v. Maryland*, 373 U.S. 83 (1963); R&R at 21.

### III. Standard of Review and Applicable Law

Where, as here, the Magistrate Judge's Report and Recommendation is objected to, the Court reviews the Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. Any portions of the Report and Recommendation not objected to will be reviewed by the Court only for clear error. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petitioner may not obtain

federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to . . . clearly established federal law" if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law [or] . . . confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is "an unreasonable application of clearly established federal law" if it either "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or makes an unreasonable determination as to whether or not to extend a legal principle from the Supreme Court's precedent to a new context. *Id*. at 407. A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Section 2254(d) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### IV. Analysis

The Court construes Vallado's filing (docket no. 16) as raising four objections: (1) the Magistrate Judge incorrectly found the evidence sufficient to support Vallado's conviction; (2) the Magistrate Judge incorrectly determined that Vallado's trial counsel was not ineffective when

counsel presented Vallado with a plea bargain at their first meeting; (3) the Magistrate Judge incorrectly determined that the indictment was not invalid; and (4) the Magistrate Judge incorrectly determined that the State did not abuse its discretion by excluding the bloody clothes from evidence.[1]

**1. Sufficiency of the Evidence**

In a § 2254 sufficiency of the evidence challenge to a state criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). A reviewing court, faced with a record that supports conflicting inferences, must presume that "the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Rains*, 615 F.3d 589, 592 (5th Cir. 2010). On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court

---

[1] Vallado makes a fifth objection to a statement in the Report and Recommendation that, "[o]n direct appeal, Vallado asserted the evidence was legally insufficient to prove the knife used in the attack was a deadly weapon." R&R at 3; *see* Pet'r's Objections at 2. Vallado objects to the Magistrate Judge's attribution of the assertion to him, rather than to his appellate counsel. Vallado does not explain why he believes the distinction is relevant; however, to the extent that Vallado is claiming ineffective assistance of appellate counsel, Vallado's claim is not properly before the Court. Vallado has not raised this claim in his federal habeas petition or exhausted his claim in state court. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 (1995) (explaining that a petitioner is not entitled to raise, at the district court stage, new evidence, arguments, and issues that were not presented to the Magistrate Judge); *Woodford v. Ngo*, 548 U.S. 81, 82 (stating that federal habeas relief requires proper state-court exhaustion).

instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011).

Here, the trial court record contains testimony from an eyewitness that Vallado stabbed his victim with a knife; testimony from the victim that he had been cut by Vallado in several places; testimony from two San Antonio police officers that the knife used by Vallado was a deadly weapon; and testimony from the victim and the victim's mother that he suffered a serious bodily injury. This evidence allows for the reasonable finding that Vallado attacked his victim with a knife. *See United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004) (explaining that determinations of credibility of the witnesses are the exclusive province of the jury). The record also includes hearsay testimony from the police officers regarding the statements of Ruiz, who stated to the officers that he subdued Vallado and that the knife he presented to the officers was the knife he took from Vallado. Vallado challenges the admission of the hearsay testimony as a violation of his right to confront his accusers. *See Crawford v. Washington*, 541 U.S. 36, 54 (2004) (explaining the nature and scope of the Confrontation Clause of the Sixth Amendment); Pet'r's Objections at 2. However, regardless of whether the testimony should have been excluded, the testimony was not a crucial, highly significant factor in Vallado's conviction because the record supported conviction without the challenged testimony. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (stating that the erroneous admission of prejudicial evidence will not justify habeas relief unless the admission was "a crucial, highly significant factor in the defendant's conviction"). Moreover, Vallado has not shown that the testimony had a "substantial and injurious effect or influence in determining the jury's [] verdict." *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Thus, the Court agrees

with the Magistrate Judge that the determination by the state courts that the evidence was sufficient to support Vallado's conviction is not contrary to and did not involve an unreasonable application of clearly-established federal law.

**2. Ineffective Assistance of Trial Counsel**

Claims of ineffective assistance of counsel are reviewed under *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that for counsel to be deemed ineffective, (1) counsel's representation must have fallen "below an objective standard of reasonableness," *id*. at 688, and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *id*. at 694. Additionally, counsel enjoys a "strong presumption" that his conduct was reasonable. *Id*. at 689. When viewed through the lens of AEDPA, this requires a petitioner to show that "the state court's decision—that [petitioner] did not make the *Strickland* showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

Vallado argues in his objections that his trial counsel provided ineffective assistance by presenting him with a plea bargain at their first meeting. Pet'r's Objections at 2–3. Vallado objects that counsel's conduct indicted a lack of interest to represent him. *Id.* However, contrary to Vallado's assertion, "the negotiation of a plea bargain is a critical phase of the litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1406 (2012). "As a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1402. It is insignificant that counsel presented Vallado with a plea bargain at

their first meeting. Accordingly, the determination by the state courts that Vallado was not denied the effective assistance of counsel, is not contrary to and did not involve an unreasonable application of clearly-established federal law.

### 3. Invalidity of the Indictment

Vallado challenges the indictment, stating, "the state court failed to prove either of the two elements alleged in the indictment when forensics' testimony was read in state court that no blood nor fingerprints were found on the knife, which the witness Caleb Ruiz stated that he took from Vallado and gave to the officer." Pet'r's Objections at 3. Vallado's challenge, however, goes to the sufficiency of the evidence, which the Court considered above and determined was sufficient on a § 2254 review. To the extent that Vallado's objection challenges the indictment directly, the challenge is foreclosed to federal habeas review, where, as here, the sufficiency of the indictment was squarely presented to the highest state court on appeal, and the court held that the trial court had jurisdiction over the case. *See Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007); Habeas R. at 51 (the Texas Court of Criminal Appeals finding that Vallado was not entitled to relief and citing to *Rodriguez v. State*, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995), which held that if a defendant fails to object to the form of the indictment, he has forfeited his right to complain of such on appeal).

### 4. Prosecutorial Misconduct

Finally, Vallado objects to the State's exclusion of Vallado's bloody clothes from evidence at trial. "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83,

87, (1963). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Here, Vallado has not alleged suppression. In fact, Vallado's counsel chose not to obtain Vallado's bloody clothes because he believed Vallado was not significantly injured and the only blood on the clothes was that of the victim. Habeas R. at 42. Furthermore, the bloody clothes, if admitted as evidence, would have provided additional evidence supporting the jury's finding that the victim was stabbed by Vallado. Accordingly Vallado has not established a *Brady* violation, and the determination by the state courts that the State did not withhold exculpatory evidence is not contrary to and did not involve an unreasonable application of clearly-established federal law.

## V. Request for Appointed of Counsel

After the Magistrate Judge issued his Report and Recommendation, Vallado requested the appointment of counsel. Docket No. 17.

The Court has discretion to appoint counsel if doing so would advance the proper administration of justice. *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). This Court will appoint counsel only when the case presents "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In making this determination, the Court will consider: (1) the type and complexity of the case; (2) whether the applicant is capable of adequately presenting his case; (3) whether the applicant is in a position to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the

presentation of evidence and in cross examination. *Id.* The Court should also consider whether the appointment of counsel would be a service to plaintiff, and perhaps the Court and the defendants as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.*

Considering these factors, the Court concludes that appointment of counsel is not warranted. Vallado's case is not unusually complex, and through his briefing, Vallado has demonstrated a grasp of the facts and an ability to adequately present his arguments to this Court. Furthermore, since this case is for habeas relief, investigation is relatively unimportant and trial presentation is irrelevant. Accordingly, Vallado has not demonstrated "exceptional circumstances," and the Court denies his motion for appointed counsel.

### VI. Conclusion

For the foregoing reasons, the Court DENIES Petitioner's request for appointed counsel (docket no. 17).

Further, the Court finds that Petitioner's objections to the Magistrate Judge's Report and Recommendation lack merit. Additionally, the Court's review of the non-objected-to portions of the Report and Recommendation reveals no clear error. Accordingly, this Court DISMISSES in part and DENIES in part Petitioner Vallado's petition for a writ of habeas corpus.

It is so ORDERED.

SIGNED this 13th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE